## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ZIA LAND AND WATER
CONSERVATION, LLC.,

     Plaintiff,

v.

                                     Case No. 1:26-cv-00732-MIS-KK

ROVER OPERATING, LLC.,

     Defendant.

### <u>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND</u>

This matter is before the Court on Plaintiff Zia Land and Water Conservation, LLC's ("Plaintiff") Motion to Remand ("Motion") filed on March 24, 2026. ECF No. 5. Defendant Rover Operating, LLC ("Defendant") filed an untimely Response on April 10, 2026. ECF No. 12. Upon review of the Parties' submissions, the record, and the relevant law, the Court will grant Plaintiff's motion.

Plaintiff filed suit against Defendant in the First Judicial District Court of New Mexico on November 10, 2025. Notice of Removal, Ex. 1 at 1-8, ECF No. 1-1. The First Judicial District issued Summons on December 1, 2025. *Id.* at 9. Plaintiff served Defendant on January 29, 2026, by delivery of the Summons and Complaint to an authorized representative of Defendant. Mot., Ex. A at 5, ECF No. 5-1. Defendant's counsel entered appearance with the First Judicial District Court on February 11, 2026. Notice of Removal, Ex. 1 at 12, ECF No. 1-1. Defendant filed a Notice of Removal with the Federal District Court of New Mexico on March 10, 2026. Notice of Removal, ECF No. 1.

Plaintiff argues that removal was untimely because 28 U.S.C. § 1446(b)(1) requires a notice of removal be filed within thirty (30) days of the date of service of process and Defendant

failed to do so. Mot. at 2, ECF No. 5. Defendant was served on January, 29, 2026, Mot., Ex. A at 5, ECF No. 5-1, and filed a Notice of Removal on March 10, 2026, Notice of Removal, ECF No. 1, forty (40) days after service.

Defendant was required to respond to Plaintiff's Motion within fourteen (14) calendar days, D.N.M.LR-Civ.7.4(a), but filed their Response twenty-one (21) days after Plaintiff filed their Motion, Mot., ECF No. 5; Resp., ECF No. 12. Defendants did not file an extension. In their untimely Response, Defendant argues that the clock for removal started at the time of "counsel's entry of appearance," not the date of service, because Plaintiff did not file "a return of service in the state court" and "the state court file reflected that there was no service prior to counsel's entry of appearance." Resp. ¶ 4, ECF No. 12. Defendant's counsel entered his appearance on February 11, 2026, *id.*, and Defendant filed the Notice of Removal twenty-seven (27) days later, on March 10, 2026, Notice of Removal, ECF No. 1. Defendant cites nothing in support but asserts this complies with § 1446(b)(1). *Id.* Defendant is incorrect.

The plain language of § 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Section 1446(b)(1) has no requirement that Plaintiff file a notice of service with the state court. The only requirement is that Defendant has 30 days to file removal once they are notified, either via service, service of summons, or otherwise. § 1446(b)(1). In considering the timeline for removal, no weight is given "'to the knowledge, presumptions, or constructive or actual notice of either party in relation to the triggering of the removal period.'" *Paschall v. Frietz*, 461 F. Supp. 3d 1145, 1150 (D.N.M. 2020) (citation omitted); *see also Murphy Bros. v. Michetti Pipe Stringing,*

*Inc.*, 526 U.S. 344, 354 (1999) (listing the four possibilities triggering the thirty (30) day clock for filing a notice of removal). Once service is complete, the thirty (30) day removal period begins. *Paschall*, 461 F. Supp. 3d at 1150-51.

Here, Plaintiff served Defendant on January 29, 2026. Mot., Ex. A at 5, ECF No. 5-1. Defendant's clock started on January 29, 2026. Mot., Ex. A at 5, ECF No. 5-1; § 1446(b)(1). Defendant failed to file a Notice of Removal until forty (40) days later, Notice of Removal, ECF No. 1, making it ineffective under § 1446(b)(1).

After considering the Parties' arguments, the record, and relevant law, for the foregoing reasons Plaintiff Zia Land and Water Conservation, LLC's Motion to Remand, ECF No. 5, is **GRANTED** consistent with this Order. Defendant's Motion for Extension of Time to File Show Cause, ECF No. 4, and Defendant's Amended Motion to Amend/Correct Notice of Removal, ECF No. 13, are **DENIED** as moot.

IT IS ORDERED this matter be **REMANDED** to the First Judicial District Court of Santa Fe County, New Mexico.

IT IS FURTHER ORDERED the Clerk of the Court **SHALL** mail to the clerk of the First Judicial District Court of Santa Fe County, New Mexico, a certified copy of this order of remand pursuant to 28 U.S.C. § 1447(c).

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE